IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff<br><br>          v.<br><br>KELLEY MALA,<br><br>       Defendant | CRIMINAL NO. 89-00002-1 (JP) |

**OPINION AND ORDER**

Before the Court is Defendant Kelley Mala's ("Mala") motion to expunge his criminal record **(No. 843),** and Plaintiff USA's response in opposition thereto (845). Mala alleges various deficiencies related to his original conviction, and argues that his sentence was improperly set. For the reasons stated herein, Defendant Mala's motion is **DENIED.**

**I.   INTRODUCTION AND BACKGROUND**

Mala was indicted by a federal grand jury on January 4, 1989. Mala was charged with three counts: (1) conspiracy to import cocaine into the United States, 21 U.S.C. § 963 (1988); (2) conspiracy to possess cocaine with intent to distribute it, 21 U.S.C. § 846 (1988); and (3) using a telephone to facilitate importation of cocaine, 21 U.S.C. § 843(b) (1988). A jury trial in the instant case commenced on May 23, 1991. On May 30, 1991, a jury found Mala guilty on all three counts. On November 8, 1991, Mala was sentenced to

CRIMINAL NO. 89-00002-1 (JP)    -2-

concurrent terms of imprisonment of 170 months for each of the first and second counts, and 48 months for the third count.

Mala appealed his conviction, and the United States Court of Appeals for the First Circuit affirmed the Judgment. The First Circuit issued its Opinion without prejudice to Defendant Mala's right to raise his claim of ineffective assistance of counsel in a *habeas corpus* petition pursuant to 28 U.S.C. § 2255. Defendant subsequently filed a civil action, <u>Mala v. USA</u>, 94-1517 (JP), in which he moved to vacate his sentence under 28 U.S.C. § 2255. In an Opinion and Order entered on August 22, 1995, the Court held that the conviction and Judgment entered against Mala would remain unaltered, but that the sentence imposed would be vacated on the grounds of ineffective assistance of counsel. After holding a resentencing hearing on August 23, 1995, the Court reduced Mala's sentence to concurrent terms of imprisonment of 70 months for each of the first and second counts, and 48 months for the third count

## II. **ANALYSIS**

Defendant Mala moves to expunge the record of his conviction. The word "expunge" generally refers to the physical destruction of information. <u>United States v. Coloian</u>, 480 F.3d 47, 52 (1st Cir. 2007) (citing <u>Dubnoff v. Goldstein</u>, 385 F.2d 717, 724 (2d Cir. 1967)). With respect to criminal records, expungement refers to the process of sealing or destroying the record of a criminal conviction after expiration of a certain time. <u>Id.</u> (citing

CRIMINAL NO. 89-00002-1 (JP)    -3-

United States v. Johnson, 941 F.2d 1102, 1111 (10th Cir. 1991)). Congress has specifically provided for expungement or related remedies in narrowly defined circumstances.  See, e.g., 5 U.S.C. §§ 552a(d),(g)(1)(C) (allowing claims to amend public records that are inaccurate); 10 U.S.C. § 1565(e) (mandating expungement of DNA records when military conviction is overturned); 18 U.S.C. § 3607(c) (allowing for expungement of criminal records in certain drug possession cases where the defendant was under twenty one years of age at the time of the offense); 21 U.S.C. § 844a(j) (allowing for expungement of civil penalty records in certain drug possession cases); 42 U.S.C. § 14132(d) (allowing for expungement of DNA records held by the FBI in certain cases where a conviction is overturned). Also, federal courts have upheld the expungement of criminal records as a remedy for arrests or prosecutions that violate federal statutes or the constitution.  See Coloian, 480 F.3d at 51.  However, the United States Court of Appeals for the First Circuit has held that federal courts lack jurisdiction to expunge criminal records solely for equitable reasons.  Id.

   In the instant case, Defendant Mala has not cited a particular statutory basis for the expungement of his record.  Nor is the Court aware of any such basis that would be applicable to Mala's case.  For example, Defendant Mala's case is not one in which a military conviction has been overturned, or in which relevant public records have been shown to be inaccurate.  Expungement under 18 U.S.C.

CRIMINAL NO. 89-00002-1 (JP)    -4-

§ 3607(c) is not available because said section applies only to cases in which a first time offender under the age of twenty one is placed on probation without the entry of a judgment of conviction. Defendant Mala does refer to Rule 60(b) of the Federal Rules of Civil Procedure, but this rule is inapplicable because the instant case is a criminal case, not a civil case.  To the extent that Mala is attempting to use Rule 60 with regard to his civil proceeding under 28 U.S.C. § 2255, this argument is also unavailing because none of the grounds for relief from a final judgment listed under Rule 60 exists in the present case.

Defendant Mala's motion to expunge includes discussion of a number of alleged problems related to the past proceedings in his case.  Mala's allegations include constitutional violations, prosecutorial misconduct, and sentencing errors.  Several of Defendant's allegations have been previously raised and resolved in Mala's appeal of his conviction and in his *habeas* petition.  Other allegations raised by Defendant Mala in his motion appear to be requesting a review of the Court's findings in Mala's civil action brought pursuant to 28 U.S.C. § 2255.  Such a review would require an appeal to the First Circuit.  A motion to expunge is not the correct tool to raise alleged shortcomings in the proceedings arising from Defendant's 28 U.S.C. § 2255 petition.  Accordingly, the Court cannot grant relief in response to Defendant's present motion.

CRIMINAL NO. 89-00002-1 (JP)    -5-

### III. CONCLUSION

Defendant Mala has cited no appropriate legal basis for expungement of the record of his conviction. Defendant's arguments regarding the proceedings related to his *habeas* petition are not appropriate for review by the Court in the context of a motion to expunge.  For the reasons stated herein, Mala's motion for expungement is denied.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of May, 2009.

                                                     s/Jaime Pieras, Jr.
                                                     JAIME PIERAS, JR.
                                     U.S. SENIOR DISTRICT JUDGE